UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TODD DUNNUCK,

        Petitioner,         Case No. 1:09-cv-1163

v.        Honorable Paul L. Maloney

CAROL HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to three of the four claims raised in his petition. Because the statute of limitations has expired and Petitioner has complied with the requirements for a stay under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Court will stay Petitioner's action pending Petitioner's compliance with the further directions of this Court as set forth in the attached order.

**Discussion**

  I.   Factual allegations

Petitioner presently is incarcerated at Lakeland Correctional Facility. After pleading guilty in Cass County Circuit Court, Petitioner was convicted of second-degree murder, Mich. Comp. Laws § 750.317, on August 21, 2006. The trial court sentenced Petitioner to fifteen to twenty-five years' imprisonment.

Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. In an unpublished opinion dated June 24, 2008, the Michigan Court of Appeals denied Petitioner's appeal and affirmed his conviction and sentence. On October 27, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the question presented should be reviewed by the court.

In his amended application for habeas corpus relief, Petitioner asserts the following four grounds:

   I.   THE TRIAL COURT ABUSED ITS DISCRETION IN SCORING OFFENSE VARIABLE THREE [AT] TWENTY-FIVE POINTS WHE[N] THE UNDISPUTED FACTS SHOW THE DEATH OCCURRED IN A COMBATIVE SITUATION AND IN RESPONSE TO THE VICTIMIZATION OF THE OFFENDER BY DECEDENT RESULTING IN A SENTENCE OUTSIDE THE CORRECT GUIDELINES, WHICH WAS DISPROPORTIONATE TO THE OFFENSE AND OFFENDER.

  II.   [PETITIONER'S] TRIAL ATTORNEY EDWIN HETTINGER ERRONEOUSLY ADVISED PETITIONER NOT TO WORRY ABOUT IT, THAT HE WOULD TAKE CARE OF IT ON APPEAL.

  III.  [PETITIONER'S] SENTENCE IS INVALID MAKING HIM ELIGIBLE FOR RESENTENCING IN LIGHT OF *PEOPLE v. TRIPLETT,* 4[07] MICH. 510, 513-514 (1980); AND *PEOPLE v. MCFARLIN,* 389 MICH. 557, 547 [] (1973).

  IV.  [PETITIONER'S] SENTENCE IS AGAINST THE MICHIGAN AND

FEDERAL CONSTITUTION[S], R[ISING] TO THE LEVEL OF CRUEL
AND UNUSUAL PUNISHMENT.

(Am. Pet. at 6-7, 9-10, docket #5. ) Petitioner only presented his first ground for habeas corpus relief in the Michigan appellate courts. As to his second, third and fourth grounds for habeas corpus relief, Petitioner filed a motion to hold the habeas petition in abeyance (docket #2) so that he may exhaust those grounds in the state courts.

II.     Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). In his amended application for habeas corpus relief, Petitioner alleges that he only presented his first ground of habeas corpus relief to the Michigan appellate courts on direct appeal. (Am. Pet. at 2-3, docket #5. ) Petitioner also asserts that he has not yet filed a motion for relief from judgment. Because Petitioner failed to complete one round of the State's appellate review process for his second, third and fourth grounds for habeas corpus relief, he fails to satisfy the exhaustion requirement. *See O'Sullivan*, 526 U.S. at 845; *Duncan*, 513 U.S. at 365-66.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-

abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 27, 2008. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, January 26, 2009. *See id.* at 284-85 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run). Accordingly, Petitioner had one year, until January 26, 2010, in which to file his habeas petition. Petitioner filed his original petition on December 29, 2009.[1] Thus, Petitioner timely filed his petition but the statute of limitations has now expired.

---

[1] Because Petitioner did not file his original petition on the form required by this Court, he was ordered to file an amended petition on the form. (*See* Jan. 11, 2010 Order, docket #4.) Petitioner filed his amended petition (docket #5) on January 25, 2010.

The *Palmer* Court indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] Because Petitioner's statute of limitations has expired, he has no time remaining to exhaust his claims in the state courts. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, any subsequent petition would be time-barred. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the Antiterrorism and Effective Death Penalty Act's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

On December 29, 2009, Petitioner filed a "Motion to Hold Habeas Petition in

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Abeyance" (docket #2) so that he may exhaust his unexhausted grounds for habeas corpus relief in the state courts. In his motion, Petitioner argues that he has satisfied the *Rhines* requirements. *See Rhines,* 544 U.S. at 277-78. Petitioner states that there is good cause for his failure to exhaust because he received the ineffective assistance of trial and appellate counsel. The Supreme Court has not yet defined what would constitute "good cause" for purposes of staying a habeas petition pending the exhaustion of a petitioner's claims in the state courts. *See Titlow v. Burt*, No. 2:07-13614, 2007 WL 2584762, at *2 (E.D. Mich. Sept. 7, 2007). In this case, Petitioner argues that his trial and appellate counsel decided not to pursue Petitioner's unexhausted claims. (Mot. at 4-5, 7, docket #2.)

On remand from the United States Supreme Court, the district court in *Rhines* held that the ineffective assistance of appellate counsel constituted "good cause" for a petitioner's failure to exhaust his claims in the state-court proceedings and justified holding the petition in abeyance while the petitioner returned to state court to exhaust his claims. *Rhines v. Weber*, 408 F.Supp.2d 844, 848 (D.S.D. Dec. 19, 2005). Likewise, several district courts have found that a claim of ineffective assistance of appellate counsel for failing to raise a claim on a petitioner's direct appeal constituted good cause to justify holding the petition in abeyance pending the petitioner's return to the state courts. *See Wengorovius v. Scutt,* No. 09-CV-13228, 2009 WL 2849577, at *3 (E.D. Mich. Sept. 1, 2009); *Wright v. Trombley,* No. 07-CV-10965, 2007 WL 4181316, at *2-3 (E.D. Mich. Nov. 27, 2007); *Lanton v. Lafler*, No. 2:06-CV-11103-DT, 2007 WL 2780552, at *2 (E.D. Mich. Sept. 24, 2007). Because Petitioner's appellate counsel allegedly decided not to pursue Petitioner's unexhausted claims, this Court finds that Petitioner's ineffective assistance of appellate counsel claim satisfies the "good cause" requirement under *Rhines*, 544 U.S. at 278. The Court also finds

that Petitioner's claims are not plainly meritless and that Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 278.

Because Petitioner has satisfied the *Rhines* requirements for the issuance of a stay and his statute of limitations has expired, this Court will grant Petitioner's motion (docket #2) so that Petitioner may exhaust his unexhausted grounds for habeas corpus relief by filing a motion for relief from judgment with the state court.

An Order consistent with this Opinion will be entered.


Dated:  February 10, 2010                     /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief United States District Judge